IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| ASHLEY GODDARD, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 0:21-cv-61461 |
| | § | |
| V. | § | REMOVED FROM THE DISTRICT |
| | § | COURT OF BROWARD COUNTY, |
| PUBLIX SUPER MARKETS, INC. | § | FLORIDA, CASE NO. CACE21007276 |
| | § | 17TH DISTRICT |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO:   Angela E. Noble, Clerk of Court
United States District Court, Southern District of Florida,
Fort Lauderdale Division
U.S. Federal Building and Courthouse
299 East Broward Boulevard #108
Fort Lauderdale, FL 33301

Brenda D. Forman, Clerk
Circuit Court of the 17th Judicial District in and for Broward County, Florida
201 SE 6th Street
Fort Lauderdale, Florida 33301

Ashley Goddard
4521 Poinciana Street, #3
Ft. Lauderdale, FL 33308

Defendant Publix Super Markets, Inc. ("Publix"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, file this Notice of Removal of Case No. CACE21007276, which is pending in the 17th Judicial Circuit, Broward County, Florida. Plaintiff Ashley Goddard's Complaint appears to assert causes of action arising under federal law and related claims arising under state law, and removal is therefore proper under 28 U.S.C. §§ 1331 and 1367.

1. On May 22, 2021, Goddard filed this Complaint against Publix. Publix has attached a copy of the Complaint as **Exhibit A** and a copy of the Civil Cover Sheet as **Exhibit B**. Publix was served with a copy of the Complaint on June 29, 2021. A copy of the process notice received by Publix is attached as **Exhibit C**.

2. According to Goddard's civil cover sheet, she seeks approximately $3 million in damages from Publix and identifies her case as falling within 19 different categories listed on the civil cover sheet, including professional malpractice, antitrust, constitutional challenges, and as a shareholder derivative action. (Civil Cover Sheet, Ex. B.)

3. Goddard's filing does not include a traditional complaint or other document providing a short and plain statement of her claims. Her filing with the state court is a document titled "TABLE OF CONTENTS" that includes a number of documents, followed by conclusory allegations that Publix violated her rights in some way. (*See generally* Compl., Ex. A.) Publix will refer to this document as Goddard's Complaint.

4. While Goddard's Complaint fails to separately denominate her alleged claims against Publix, it appears that she is attempting to assert numerous federal claims against Publix. Goddard includes with her Complaint a Charge of Discrimination she filed against Publix. (*Id.* 13.) Her filing includes allegations consistent with attempts to assert a federal claim, such as the following:

    a. In her Charge, she claims that she was discriminated against due to her medical condition, in violation of the Americans with Disabilities Act. (*Id.*)

    b. In her Complaint, Goddard repeatedly cites to EEOC documents and information regarding disability discrimination and retaliation. (*Id.* ¶¶ 1, 12-13, 20-21.)

   c. In her Complaint, Goddard states that Publix "violated [the] FCRA and did not explain they were retaliating trying to use my credit report against me."[1] (*Id.* ¶ 26.) This appears to be an attempt to assert a claim under Sections 15 U.S.C. § 1681b(b)(2) and/or b(b)(3) of the Fair Credit Reporting Act ("FCRA"), which concern information provided to consumers in connection with employment-purposed consumer reports and pre-adverse action notice requirements before taking an adverse action against a consumer based on information contained in a consumer report.

 5. Because Goddard has or is attempting to assert a claim for relief under federal statutes, including the Americans with Disabilities Act, 42 U.S.C. § 12101, and the FCRA, 15 U.S.C. § 1681, this action is removable under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

 6. To the extent that Goddard has attempted to assert additional state law claims arising out of or relating to her employment and separation of employment from Publix, the Court also has supplemental jurisdiction over these claims under 28 U.S.C. § 1367. Goddard's claims relate entirely to the circumstances regarding her termination from Publix and her asserted belief that her separation was, in some way, a violation of federal law. (*See* Compl. ¶ 34 (attempting to allege "tortious interference" in connection with Publix's alleged violation of its "duties of terminitation [*sic*]").)

 7. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28

---

[1] For legibility, quotes from Goddard's Complaint have been quoted in conventional capitalization versus in all caps.

U.S.C. § 89(c), this Court embraces the 17th Judicial Circuit, Broward County, Florida. Therefore, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Publix has removed this case within thirty (30) days after service of Goddard's Complaint on Publix.

9. A copy of this Notice of Removal is being sent to Goddard and to the Clerk of the 17th Judicial Circuit, Broward County, Florida, as required by 28 U.S.C. § 1446(d).

10. Publix requests that the Court direct Goddard to file an amended complaint identifying and setting out in individual counts the claims she is attempting to assert against Publix. Publix also requests that the Court stay its obligation to file a responsive pleading until Goddard files an amended complaint.

11. If the Court prefers for Publix's request for a court-ordered amendment to Goddard's Complaint be brought by motion, Publix will move for a more definite statement or to dismiss, in accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure.

12. In accordance with 28 U.S.C. § 1446(a), Publix has attached the following documents to this notice of removal:

- Goddard's initial filing and exhibits (**Exhibit A**);
- Goddard's civil cover sheet (**Exhibit B**); and
- The summons notification received by Publix (**Exhibit C**).

Dated: July 19, 2021 PUBLIX SUPER MARKETS, INC.

*/s/ Alex S. Drummond*
Alex S. Drummond
Florida Bar No. 231116
adrummond@seyfarth.com
Alex C. Meier
Florida Bar No. 1011557
ameier@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorney for Defendant Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, I have caused a true and correct copy of the foregoing *Notice of Removal* to be served by U.S. Mail upon the following:

>Ashley Goddard
>4521 Poinciana Street, #3
>Ft. Lauderdale, FL 33308

>*/s/ Alex C. Meier*
>Alex C. Meier